IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROLAND KADERLI, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv107 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Petitioner Roland Kaderli, Jr., an inmate at the Ellis Unit, proceeding *pro se*, brought the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The magistrate judge recommended dismissing the action as barred by limitations. After receiving objections from the petitioner, the court conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. The court concluded petitioner's objections were without merit and the petition was barred by the applicable one-year statute of limitations.

Petitioner has filed a motion for reconsideration (ECF No. 43). Petitioner seeks relief from the final judgment, asserting that if the state district clerk had acted promptly he would have had time to correct any flaw in his state application which was dismissed for non-compliance. This memorandum opinion and order considers such motion.

<u>ANALYSIS</u>

Petitioner filed his motion within 28 days after entry of the judgment. Therefore, the motion is liberally interpreted as a motion to alter or amend the judgment under Rule 59(e).

FED. R. CIV. P. 59 provides in pertinent part the following:

(a)(1) *Grounds for New Trial*. The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows:

(A) after a jury trial, for any of reason for which a new trial has heretofore been granted in an action at law in federal court; or

(B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

(2) *Further Action After a Nonjury Trial*.  After a nonjury trial the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

(e) Motion to Alter or Amend Judgment.  A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

After due consideration, the court is of the opinion that petitioner's motion is without merit. For the reasons set forth in the Report and the Memorandum Opinion previously entered in this action, petitioner's claims fail to set forth a meritorious ground warranting relief from the judgment. The court remains of the opinion that the petition was properly dismissed as barred by limitations. Additionally, as discussed in the memorandum, petitioner has neither diligently pursued his claims nor shown that exceptional circumstances existed such as to potentially warrant the application of equitable tolling.  Accordingly, the petition is barred by limitations and was properly dismissed.

## ORDER

For the reasons set forth above, petitioner's motion for reconsideration is without merit. Accordingly, the motion should be denied.  It is therefore

ORDERED that petitioner's motion for reconsideration is DENIED.

**SIGNED** this the 1 day of **June, 2022.**

_____
Thad Heartfield
United States District Judge